UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREENSLEEVES PUBLISHING LTD., <br><br> Plaintiff, <br><br> v. <br><br> CHRISTOPHER MAURICE BROWN PKA CHRIS BROWN, CHRIS BROWN TV, and SONY MUSIC ENTERTAINMENT, <br><br> Defendants. | Civil Action No. 1:21-cv-5751 |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT DEMAND FOR JURY TRIAL**

Plaintiff, with knowledge as to itself and upon information and belief as to all others, alleges as follows:

**The Parties**

1. Plaintiff Greensleeves Publishing Ltd. ("Plaintiff") is a private limited company organized under the laws of the United Kingdom with its U.S. headquarters located at 89-05 138th Street, Jamaica, NY, 11435. Plaintiff is an owner and administrator of musical compositions in the United States and throughout the world.

2. Defendant Christopher Maurice Brown is a world-famous music artist professionally known as Chris Brown (the "Artist"), who resides at 19602 Citrus Ridge Drive, Tarzana, CA 91356. The Artist releases his music for sale in New York through music licensing agreements with his record label based in Manhattan and which label is owned, controlled, and operated by Defendant Sony Music Entertainment located in New York.

3. Defendant Chris Brown TV ("Artist TV") owns a YouTube Channel featuring music videos by the Artist which are produced by Defendant Sony Music Entertainment. Artist TV is a Delaware entity owned and co-managed by the Artist with an address of 19602 Citrus Ridge Drive,

Tarzana, CA 91356. Artist TV is also co-managed by Defendant Sony Music Entertainment in New York through a music licensing agreement.

4. Defendant Sony Music Entertainment ("Sony") is a partnership organized and existing under the laws of Delaware, having its headquarters at 25 Madison Avenue, New York, New York 10010. Sony is a world-famous entertainment company which, among other things, licenses, produces, markets, distributes and sells music in New York and throughout the United States.

**Jurisdiction and Venue**

5. This is a copyright infringement action arising under 17 U.S. Code §501, et seq. This Court has subject matter jurisdiction pursuant to 28 U.S. Code §1331, §1338(a) and New York C.P.L.R. §302(a).

6. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Plaintiff's claims arose in this District, and pursuant to 28 U.S.C. 1400(a), because the Defendants may be found in the District.

**COUNT I**
(Copyright Infringement)

7. Plaintiff owns and administers exclusive music publishing rights in the United States to the copyright to the musical composition *Tight Up Skirt*, the infringed work. *Tight Up Skirt* was first released in the United Kingdom in 1997 and then throughout the world. The *Tight Up Skirt* contains copyrightable subject matter under the Copyright Laws of the United States. The copyright in *Tight Up Skirt* was registered with the United States Copyright Office on March 16, 2020. The Registration Number is PA0002233744.

8. With the participation and resources of Sony, and pursuant to the agreements between Artist and Sony, Artist wrote, performed, and recorded a musical work entitled "*Privacy*" (the "Infringing Work") which recording and underlying composition was used by Artist and Sony to create a music video of the same name (the "Infringing Video" and, collectively with the Infringing

2

Work, the "Infringing Works"). The Infringing Video was streamed by Artist TV. Defendants have in the Southern District of New York and throughout the United States exploited the Infringing Works.

9. As described below, in creating the Infringing Work, Artist took the core musical feature of Tight Up Skirt and used it prominently in the Infringing Work without permission.

10. *Tight Up Skirt* and the Infringing Work share a similar primary identifying feature. In both songs, this is a melody containing the lyrics "Hey you girl inna di tight upskirt" and "Hey you girl without a tight up skirt," respectively. This feature will be referred to as "Phrase A."

11. This similar melody of Phrase A begins each chorus section in both songs. This shared structural placement is significant and adds to the prominence of the similar melody, in both songs.

12. In *Tight Up Skirt,* Phrase A is the hook and dominates the chorus sections, occurring a total of 18 times throughout the song. This includes both the initial lyrics (which occur a total of 6 times) and the lyric variations: "Hey you girl inna di tight up shorts," "Hey you girl inna di tight up blouse," and "Hey you girl inna di jeans." In the Infringing Work, Phrase A recurs without variation, once at the beginning of each of the song's three chorus sections.

13. The Infringing Work does not contain a hook phrase. Phrase A, "Hey you girl without a tightup skirt," therefore takes on greater significance, due to its prominent position as the first phrase in each chorus section.

14. Phrase A in the Infringing Work is also very distinctive in the song because it contrasts with, and musically deviates from, the material preceding and following it musically, lyrically, and vocally. Further, the instrumental accompaniment is significantly altered for the first two iterations of Phrase A. To specify, the full accompaniment, including prominent percussion stops, abruptly here, reducing the musical activity to only the similar vocal phrase, with a very sparse instrumental

3

accompaniment. This further heightens and reinforces the material in Phrase A as a focal point in the Infringing Work.

15. The rhythms in Phrase A are identical in both songs, with corresponding identical, or similar, lyrics in the following sequence in both songs:

    a. two eighth notes on the lyrics "Hey you"[3]

    b. two pairs of uneven (long-short) rhythms for the lyrics "girl in-na di" /"girl with-out a"[4]

    c. three eighth notes for the lyrics "tight up skirt."

16. This is seen in the musical examples shown below. They are in the key of A minor for ease of comparison. Their musical properties, such as melody, harmony, and structure, remain intact. Here is the first occurrence of Phrase A in both songs. Scale degrees are shown with numerals above each note.

*Tight Up Skirt* Chorus 1, Phrase 1 (Hook) (:10-:12)[6]



**Infringing Work** *Chorus* 1, Phrase 1 (1:09-1:11)



17. In the Infringing Work, both the vocal timbre and language dialect change when the above phrase is performed (the dialect evoking distinctive Jamaican pronunciation, inflection, and cadence). This new timbre and dialect are substantially similar to the vocal timbre and dialect in *Tight Up Skirt* and deviate dramatically from the surrounding material in the Infringing Work.

4

18. Defendants' exploitation of *Tight Up Skirt* has occurred without authorization or permission and constitutes infringement of the copyright in the musical composition *Tight Up Skirt*.

19. Defendants continue to exploit *Tight Up Skirt* and unless enjoined by this Court will continue to infringe the copyright in the musical composition *Tight Up Skirt*.

20. By reason of Defendants' infringement and threatened infringement, Plaintiff has sustained and will continue to sustain substantial injury, loss and damage to its ownership rights in the copyrighted work.

21. Further irreparable harm to Plaintiff is imminent as a result of Defendants' conduct, and plaintiff is without an adequate remedy at law. Plaintiff is entitled to an injunction restraining Defendants, their officers, directors, agents, employees, representatives and all persons acting in concert with them from engaging in further such acts of copyright infringement.

22. Plaintiff is further entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendants' acts of copyright infringement. Plaintiff is at present unable to ascertain the full extent of the monetary damage Plaintiff has suffered by reason of Defendants' acts of copyright infringement, but Plaintiff is informed and believes, and on the basis of such information and belief alleges, that Plaintiff has sustained such damage in an amount exceeding $500,000.

23. Plaintiff is further entitled to recover from Defendants the gains, profits and advantages they have obtained as a result of their acts of copyright infringement. Plaintiff is at present unable to ascertain the full extent of the gains, profits and advantages Defendants have obtained by reason of their acts of copyright infringement, but Plaintiff is informed and believes, and on the basis of such information and belief alleges, that Defendants have obtained such gains, profits and advantages in an amount exceeding $1,000,000.

WHEREFORE, Plaintiff prays as follows:

1. For a preliminary and permanent injunction enjoining Defendants and all persons acting in concert with Defendants from manufacturing, reproducing, distributing, adapting, displaying, advertising, promoting, offering for sale and/or selling, or performing any materials that are substantially similar to the copyrighted work, and to deliver to the Court for destruction or other reasonable disposition all such materials and means for producing same in Defendants' possession or control.

2. For actual damages and Defendants' profits in an amount in excess of $1,500,000 to be determined at trial, plus interest.

3. For such other and further relief as the Court deems just and proper.

Dated: New York, New York
July 2, 2021

                                   DANIEL J. AARON, P.C.
                                   Attorney for Plaintiff
                                   125 Park Avenue, 25th Floor
                                   New York, New York 10017

                                   By: _____
                                   Daniel J. Aaron
                                   Attorney for Plaintiff
                                   daaron@earthlink.net
                                   Tel. 212-684-4466
                                   Fax 212-684-5566

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

Dated: New York, New York
July 2, 2021

                                    DANIEL J. AARON, P.C.
                                    Attorney for Plaintiff
                                    125 Park Avenue, 25th Floor
                                    New York, New York 10017

                                    By: _____
                                    Daniel J. Aaron
                                    Attorney for Plaintiff
                                    daaron@earthlink.net
                                    Tel. 212-684-4466
                                    Fax 212-684-5566